NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KEITH ALEXANDER,<br><br>    Plaintiff,<br><br>    v.<br><br>LAND ROVER FINANCIAL GROUP,<br><br>    Defendant. | No. 26cv6883 (EP) (MAH)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Keith Alexander brings this action against Defendant Land Rover Financial Group. D.E. 1 ("Complaint"). As best as the Court can tell, Plaintiff alleges that Defendant has violated a provision of a trust security agreement, which Plaintiff has not attached to the Complaint or described in meaningful detail. Plaintiff has also filed two applications to proceed *in forma pauperis* ("IFP"). D.Es. 4 & 5 (collectively, Plaintiff's "IFP Application"). Because Plaintiff has failed to adequately complete his IFP Application, the Court will **DENY** his IFP Application.

I.      ANALYSIS

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that [s]he is unable to pay the costs of h[er] suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). To establish such need, a litigant must file in good faith an affidavit stating, among other things, that he or she is unable to pay the costs of the lawsuit. *See Owens v. Jeneby*, No. 24-11222, 2025 WL 1393205, at *1 (D.N.J. May 14, 2025). A plaintiff's failure to submit a completed financial affidavit renders an IFP application incomplete. *Id.* (citing *McKinney v. Garland*, No. 25-2210, 2025 WL 1180377, at *1 (D.N.J. Apr. 22, 2025)); *see also Rohn v. Johnston*, 415 F. App'x 353, 355 (3d Cir. 2011). A court's decision

to deny or grant an IFP application is within its sound discretion. *Owens*, 2025 WL 1393205, at *1 (citing *Cotto v. Tennis*, 369 F. App'x 321, 322 (3d Cir. 2010)). District courts should grant an IFP application only "if convinced that [an affiant] is unable to pay the court costs and filing fees." *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006).

Here, the Court is not convinced that Plaintiff is unable to pay the filing fee. Plaintiff reports $3,000 in monthly income, but only $2,000 in expenses. D.E. 4 at 1. He also reports that Living Trust Bank owes him $1,000,000. *Id.* at 3. Given that Plaintiff's monthly income appears to exceed his monthly expenses by $1,000, Plaintiff has not shown that he cannot afford to pay the filing fee. *See, e.g.*, *Stefanowicz v. Suntrust Mortg., Inc.*, No. 08-2103, 2008 WL 5047794, at *1 (M.D. Pa. Nov. 24, 2008) (concluding that the filing fee would not "present Plaintiff with an undue hardship or deprive her of life's necessities" in similar circumstances).

Moreover, Plaintiff's IFP Application is largely incomplete. For instance, the source of Plaintiff's monthly income is not stated, and Plaintiff lists assets of a home valued at $1,500 and a motor vehicle worth $500. D.E. 4 at 3. Without a fuller record of Plaintiff's income, assets, and expenses, the Court cannot properly determine Plaintiff's financial status and whether he is eligible to proceed IFP. Accordingly, the Court will **DENY** his IFP Application ***without prejudice***. *Rohn*, 415 F. App'x at 355. The Court will provide Plaintiff **30 days** to either pay the required filing fee or submit an amended IFP Application.[1]

---

[1] Because the Court did not grant Plaintiff IFP status, the Court will not screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). However, the Court notes that like his IFP Application, Plaintiff's Complaint is difficult to discern and lacking meaningful context.

## II.    CONCLUSION

For the foregoing reasons,

**IT IS**, on this **30ᵗʰ** day of June 2026,

**ORDERED** that the Clerk of Court shall file the Complaint, D.E. 1, but summons shall not issue; and it is further

**ORDERED** that Plaintiff's IFP Application, D.Es. 4 & 5, is **DENIED** *without prejudice*; and it is further

**ORDERED** that Plaintiff has **30 days** from the date of this Order to either pay the required filing fee or submit an amended IFP Application that provides specific information concerning his income, assets, debts, and expenses so that the Court can determine whether he qualifies for IFP status; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter, subject to reopening by the Court upon Plaintiff's timely filing of an amended IFP Application.  If Plaintiff fails to timely file an amended IFP Application, the Complaint may be dismissed *without prejudice* under Federal Rule of Civil Procedure 41(b) for failure to prosecute; and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Order to Plaintiff by regular mail.

_____
Evelyn Padin, U.S.D.J.

3